UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 14-80467-DHW
                                                                     Chapter 7
ANGIE L. HOBBS,
MICHAEL L. JENKINS,

    Debtors.

## ORDER APPROVING WAIVER OF CHAPTER 7 FILING FEE

The debtors filed a chapter 7 petition on April 17, 2014 and subsequently filed an application for waiver of the chapter 7 filing fee (Doc. #12). The Bankruptcy Administrator objected to the application for the waiver of the filing fee (Doc. #16) on the grounds that the debtors had paid an attorney's fee of $800 prior to the filing of the petition.

Under Federal Rule of Bankruptcy Procedure 1006(b)(3), "[a]ll installments of the filing fee must be paid in full before the debtor…may make *further* payments to an attorney or any other person who renders services to the debtor in connection with the case." (emphasis added) However, under 28 U.S.C. § 1930 (f)(1) "the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less that 150 percent of the income official poverty line...applicable to a family the size involved and is unable to pay that fee in installments." According to the guidelines set forth by the Judicial Conference, payment of a bankruptcy attorney, or a promise to pay a bankruptcy attorney, does not automatically preclude a debtor from waiver of the filing fee. *See In re Johnson*, 2006 WL 2883143 (Bankr. M.D. Tenn. 2006). Rather, in order to determine whether a debtor is able to pay the filing fee in installments, the court must look to the totality of the circumstances which, in addition to payment of an attorney, includes factors such as collateral sources of payment, the existence and value of exempt property, excessive or unreasonable expenses that could be directed toward payment of the filing fee, and discrepancies in the debtor's application and schedules. *See In re Coleman*, 2011 WL 710456 (Bankr. M.D. Ala. 2011), *In re Van Luvender*, 2008 WL 4716951 (Bankr. S.D. Fla. 2008), and *In re Bradshaw*, 349 B.R. 511 (E.D. Tenn. 2006). It has been held that Rule 1006(b)(3) does not apply to a debtor's application to proceed *in forma pauperis*. *In re Caldwell*, 203 B.R. 666, 668 (W.D. Tenn. 1997). However, even if Rule 1006(b)(3) applies in such a situation, when a rule and a statute conflict, "the statute controls and the rule must be disregarded." *Id*.

In the instant case, the Bankruptcy Administrator does not assert that the debtors' income is less than 150% of the poverty line for their family of six. The sole basis for the objection is that the debtors paid an attorney $800 for services rendered in filing the petition. That alone does not disqualify the debtors from a waiver of the filing fee. Accordingly, it is

ORDERED that the debtor's application to proceed *in forma pauperis* is APPROVED and the filing fee is WAIVED.

Done this the 13th day of May, 2014.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c:  Debtors
    Edward F. Tracy, Attorney for Debtor
    Cecil M. Tipton, Jr., Trustee
    Teresa R. Jacobs, Bankruptcy Administrator